UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TODD VINCENT,<br><br>       Petitioner,<br><br>v.<br><br>DAVID L. WINN,<br><br>       Respondent. | Civil Action No. 05-40036 (RGS) |

**RESPONDENT WINN'S RESPONSE TO PETITIONER VINCENT'S
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Todd Vincent, a convicted sex offender who is currently scheduled to be released from custody on July 13, 2005, seeks a transfer from the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), to a Community Corrections Center ("CCC") for the remainder of his sentence. Respondent David L. Winn, the warden at FMC Devens, has attempted to transfer petitioner to a CCC, but has not been able to do so because all of the CCCs in petitioner's release state, West Virginia, refuse to accept sex offenders like petitioner. Respondent does not have a statutory obligation to do more, nor could he do more. Because respondent has not abused his discretion in retaining custody over petitioner at FMC Devens, respondent respectfully requests that the Court dismiss the petition.

**I.    Background Facts**

On October 16, 2003, petitioner was convicted of a sex offense, Receiving Child Pornography Through The Mail (18 U.S.C. § 2252(a)(2)(A)), in the United States District Court for the Northern District of West Virginia. The court sentenced petitioner to a 21-month prison term in the custody of the Bureau of Prisons. See accompanying Declaration of Patrick W. Ward

1

("Ward Dec."), ¶ 4 and Exhibit ("Ex.") A thereto. On January 5, 2004, Petitioner began servicing his sentence at FMC Devens. While petitioner's sentence does not expire until October 3, 2005, his current projected release date, taking into account projected "good conduct" credit, is July 13, 2005. See id., Ex. B.

On September 1, 2004, petitioner's Unit Team at FMC Devens made a request on his behalf that he be transferred to a CCC. See Ward Dec., ¶ 6 and Ex. C. The request was forwarded to the office of the Community Corrections Manager ("CCM") in Annapolis Junction, Maryland, which handles pre-release placements at CCCs in West Virginia. See id., ¶ 6. On October 22, 2004, the office of the CCM confirmed to petitioner's Unit Team that it had denied petitioner a CCC placement due to the nature of his offense. See id., Ex. D. When staff at FMC Devens queried further, the office of the CCM explained that none of the CCCs in West Virginia would accept sex offenders. See id., Ex. E.

On or about November 22, 2004, petitioner filed a Request for Administrative Remedy with the office of respondent, Warden Winn. Petitioner's Request sought the removal of his Public Safety Factor ("PSF") of Sex Offender, which had precluded him from obtaining a CCC placement in West Virginia. See Ward Dec., Ex. G. In a Response dated December 6, 2004, respondent denied petitioner's Request for Administrative Remedy. See id., Ex. H. Respondent explained that, due to the nature of petitioner's offense, established BOP policy dictated application of the PSF of Sex Offender. See id. Warden Winn also explained that:

> While BOP policy indicates that "ordinarily," PSF sex offenders shall not participate in C.C.C. programs, your records reveal that on September 1, 2004, your Unit Team submitted to the Baltimore, Maryland Community Corrections Manager, an Institutional Referral for Halfway House Placement form. On this form, your Unit Team recommended you be transferred to a C.C.C. on May 20, 2005, 55 days prior to your projected release date. In response to this referral, the Community Corrections office in Baltimore,

2

> Maryland, determined that based on the nature of your offense, they were unable to place you in a C.C.C. in your identified state of release. Therefore, in accordance with § 3624(c) and P.S. 7310.04, through its continued effort to review your case and find a C.C.C. placement for you, the BOP has "to the extent practicable" attempted to place you in a pre-release placement.

Id.

On or about February 1, 2005, petitioner filed a Regional Administrative Remedy Appeal with the BOP's Regional Director in Philadelphia. See id., Ex. I. In a Response dated February 25, 2005, the Regional Director denied petitioner's appeal. See id., Ex. J. The Regional Director confirmed the appropriateness of applying the PSF of Sex Offender to petitioner, and further explained:

> Upon review of your referral materials, you were denied CCC placement based on your offense behavior and PSF. The contractual agreement between the Bureau and CCCs allow the CCCs to establish an acceptance criteria to identify the type of case they will accept and/or deny. While the Bureau utilizes CCCs to assist offenders with their reintegration, there is no constitutional right for an inmate to be released through a CCC.

Id. After filing his petition initiating this action, petitioner filed a Central Office Administrative Remedy Appeal with the BOP's Central Office in Washington, D.C. See id., Ex. K. The Central Office denied this final administrative appeal. See id., Ex. L.

**II.    The Petition**

The Petition, which the Court has construed a request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (see Procedural Order dated June 17, 2005), seeks the transfer of petitioner to a CCC pursuant to 18 U.S.C. § 3621(b).

**III.   Argument**

The Court should deny petitioner's Petition because (1) Congress has given the BOP discretion to designate his place of imprisonment and (2) even during the last months of

3

petitioner's sentence, the BOP has no obligation to transfer him to a CCC if it is not practicable to do so.

      A.      **The BOP Has Discretion To Designate Petitioner's Place Of Imprisonment**

In his Petition, petitioner cites 18 U.S.C. § 3621(b), but that statute merely gives the BOP discretion to determine his place of his imprisonment (e.g., FMC Devens). In relevant part, the statute provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau *may* designate *any* available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . [and] that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b) (emphases added). By its plain terms, as the First Circuit has noted, Section 3621(b) gives "the BOP *discretionary* authority to designate any available penal or correctional facility . . . as the place of a prisoner's imprisonment, and to transfer a prisoner at any time to such a facility." Goldings v. Winn, 383 F.3d 17, 28 (1st Cir. 2004) (emphasis added); see also Lizarraga-Lopez v. United States, 89 F. Supp. 2d 1166 (S.D. Cal. 2000) (denying request for transfer to CCC in part because "the Bureau of Prisons has been granted vast discretion by [Section 3621(b)] to determine the appropriate conditions under which a prisoner shall serve his or her sentence"). In other words, Section 3621(b) does not mandate that the BOP transfer petitioner to a CCC, or to anywhere else.

      B.      **Even During The Last Months Of Petitioner's Sentence, The BOP Has No Obligation To Transfer Him To A CCC When, As In This Case, It Is Not Practicable To Do So.**

Although petitioner does not cite it, another statute, 18 U.S.C. § 3624(c), also pertains to prisoners like petitioner who are nearing the end of their sentences, but Section 3624(c) does not

obligate the BOP to effect the transfer that petitioner seeks. Section 3624(c) provides in relevant part that:

> The Bureau of Prisons shall, *to the extent practicable*, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

(Emphasis added.)

Courts consistently have construed Section 3624(c) not to impose a mandatory obligation on the BOP.

> While there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period. See United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society.").

Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992); see also Gambino v. Gerlinski, 96 F. Supp. 2d 456, 459 (M.D. Pa.) ("§ 3624(c) does not create a liberty interest because it refers to no mandatory procedures.") (quotation omitted), aff'd, 216 F.3d 1075 (3d Cir. 2000); United States v. Morales-Morales, 985 F. Supp. 229, 231 (D.P.R. 1997) ("Section 3624(c)'s provisions do not confer [upon] prisoners the right to seek a particular form or place of pre-release custody."); Lyle v. Sivley, 805 F. Supp. 755, 761 (D. Ariz. 1992) (denying habeas petition seeking transfer to CCC because "section 3624(c) does not create a protected liberty interest").

5

In this case, respondent appropriately exercised the discretion that Congress delegated to him in Section 3624(c). Respondent did everything "practicable" to transfer petitioner to a CCC. First, petitioner's unit team requested the transfer. See Ward Dec., Ex. C. Second, when the transfer request was denied, the staff at FMC Devens did not abandon the request, but instead sought an explanation. See id., Ex. E. In this instance, however, a transfer could not be arranged, because petitioner was convicted of a sex offense, and CCCs in West Virginia do not accept sex offenders. See id. This is not an unusual circumstance, and does not evidence a violation of Section 3624(c). See, e.g., Fortino v. Hemingway, 2001 WL 1298842, at *2 (6th Cir. Aug. 7, 2001) (noting that habeas petitioner's "classification as a sex offender precluded his transfer to a community corrections center"); Green v. Bureau of Prisons, 2002 WL 31548084, at *3 (D. Minn. Nov. 12, 2002) (same).

### IV.     Conclusion

For the foregoing reasons, respondent respectfully requests that the Court dismiss the Petition.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

Dated: July 1, 2005

                              By:    /s/ Gregg Shapiro
                                     GREGG SHAPIRO
                                     Assistant United States Attorney
                                     One Courthouse Way, Suite 9200
                                     Boston, MA 02210
                                     (617) 748-3366

**Certificate of Service**

     I hereby certify that a copy of the above document was served by first-class mail this first day of July 2005, upon Todd Vincent, Reg. No. 04535-087, FMC Devens, P.O. Box 879, Ayer, MA 01432.

                                /s/ Gregg Shapiro
                                Gregg Shapiro
                                Assistant United States Attorney