UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TODD VINCENT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-40036 (RGS) |
| | ) | |
| DAVID L. WINN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

DECLARATION OF PATRICK W. WARD

I, Patrick Ward, hereby make the following declaration:

1.    I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), as an Attorney Advisor.  The legal office in which I am located is the Consolidated Legal Center - Devens.  I have been employed at this position since approximately March 24, 2002.

2.    As an Attorney Advisor, I have access to numerous records maintained in the ordinary course of business at FMC Devens regarding federal prisoners, including, but not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3.    I am aware of the habeas corpus petition pending before this Court under the above docket number.  I am also aware of the efforts made to place inmate Todd Vincent, Reg. No. 04535-087, into a Community Corrections Center ("CCC") pre-release placement.

4.     On October 16, 2003, petitioner was convicted of a sex offense, Receiving Child Pornography Through The Mail, 18 U.S.C. § 2252(a)(2)(A), in the United States District Court for the Northern District of West Virginia.  The court sentenced petitioner to a 21-month prison term in the custody of the BOP.  Attached hereto as Exhibit A is a true and correct copy of the judgment reflecting petitioner's conviction and sentence.

5.     On January 5, 2004, petitioner began serving his sentence at FMC Devens.  His current projected release date, taking into account projected good conduct time credit, is July 13, 2005.  Attached hereto as Exhibit B is a true and correct copy of a printout from the BOP's Sentence Monitoring Computation Data reflecting the foregoing dates.

6.     On or about September 1, 2004, petitioner's Unit Team at FMC Devens made a request on his behalf for an Institutional Referral for CCC Placement.  A true and correct copy of this request for Institutional Referral is attached hereto as Exhibit C.  The request was forwarded to the office of the Community Corrections Manager ("CCM") in Annapolis Junction, Maryland, which handles pre-release placements at CCCs within the Northern District of West Virginia. On October 22, 2004, the CCM's office sent an e-mail to petitioner's Unit Team confirming that it had denied petitioner a CCC placement due to the nature of his offense.  A true and correct copy of a printout of the e-mail from the office of the CCM is attached hereto as Exhibit D.

7.     Following the denial by the office of the CCM, the Sex Offender Management Program Coordinator at FMC Devens, Dr. Cheryl Renaud, sent an e-mail to the office of the CCM concerning the denial.  She noted that some sex offenders confined at FMC Devens had received CCC placements, and she asked why the office of the CCM had denied petitioner a CCC placement.  On November 30, 2004, the CCM's Office responded that CCCs in West Virginia, petitioner's release state, would not accept sex offenders.  Attached hereto as Exhibit E

is a printout of the e-mail exchange between Dr. Renaud and the office of the CCM.  As a result of the CCC policy and practice in West Virginia, the BOP is unable to locate a pre-release CCC placement option for petitioner within the Northern District of West Virginia.

8.      I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program that the BOP maintains in the ordinary course of business.  A true and correct copy of a printout of petitioner's Administrative Remedy Record is attached hereto as Exhibit F.

9.      On or about November 22, 2004, Petitioner filed a Request for Administrative Remedy, Case Number 359310-F1, with the office of respondent, Warden David L. Winn. Petitioner's Request sought the removal of his Public Safety Factor ("PSF") of Sex Offender, which had precluded him from obtaining a CCC placement in West Virginia, and asked for a reconsideration of the denial of a CCC placement for him.  A true and correct copy of Petitioner's Request for Administrative Remedy is attached hereto as Exhibit G.  In a Response dated December 6, 2004, Warden Winn denied petitioner's Request for Administrative Remedy. A true and correct copy of Warden Winn's Response is attached hereto as Exhibit H.  In his Response, Warden Winn explained that, due to the nature of petitioner's offense, established BOP policy dictated application of the PSF of Sex Offender.  Warden Winn also explained as follows:

> While BOP policy indicates that "ordinarily," PSF sex offenders shall not participate in C.C.C. programs, your records reveal that on September 1, 2004, your Unit Team submitted to the Baltimore, Maryland Community Corrections Manager, an Institutional Referral for Halfway House Placement form.  On this form, your Unit Team recommended you be transferred to a C.C.C. on May 20, 2005, 55 days prior to your projected release date.  In response to this referral, the Community Corrections Office in Baltimore, Maryland, determined that based on the nature of your offense, they were unable to place you in a C.C.C. in your identified state

of release.  Therefore, in accordance with §3624(c) and P.S.
7310.04, through its continued effort to review your case and find
a C.C.C. placement for you, the BOP has "to the extent
practicable" attempted to place you in a pre-release placement.

10.    On or about February 1, 2005, petitioner filed a Regional Administrative Remedy

Appeal, Case Number 359310-R3, with the BOP's Regional Director in Philadelphia.  A true and

correct copy of petitioner's Appeal to the Regional Director is attached hereto as Exhibit I.  In a

Response dated February 25, 2005, the Regional Director denied petitioner's Appeal.  A true and

correct copy of this Response is attached hereto as Exhibit J.  In the Response, the Regional

Director confirmed the appropriateness of the application of a PSF of Sex Offender to petitioner

and further explained:

> Upon review of your referral materials, you were denied CCC
> placement based on your offense behavior and PSF.  The
> contractual agreement between the Bureau and CCCs allow the
> CCCs to establish an acceptance criteria to identify the type of case
> they will accept and/or deny.

11.    On or about March 17, 2005, petitioner filed a Central Office Administrative

Remedy Appeal, Case Number 359310-A1, with the BOP's Central Office in Washington, D.C.

A true and correct copy of petitioner's Appeal to the Central Office is attached hereto as Exhibit

K.  In a Response dated May 27, 2005, the National Inmate Appeals Administrator denied

petitioner's Appeal.  A true and correct copy of this Response is attached hereto as Exhibit L.  In

the Response, the Administrator confirmed that, under BOP policy, the application of a PSF of

Sex Offender was appropriately applied because petitioner was convicted of, and is serving a

sentence for, Receiving Pornography Through The Mail.  The Response additionally explained:

4

In accordance with Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedure</u>, recommending a CCC placement and the length involves the review of several factors, including the inmate's release needs, public safety, prior criminal record, escape behavior, as well as current offense behavior.  In addition, P.S. 7310.04, indicates that inmates who are assigned a Sex Offender Public Safety Factor, shall not ordinarily participate in CCC programs.  P.S. 5100.07, <u>Security Designation and Custody Classification Manual</u>, states that the Sex Offender PSF shall be applied when an inmate whose behavior in the current term of confinement or prior history includes possession, distribution or mailing of child pornography or related paraphernalia.

I declare that the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 30th day of June, 2005

/s/ Patrick W. Ward
Patrick W. Ward
Attorney Advisor
Consolidated Legal Center - Devens

# EXHIBIT A

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

**ENTERED**

_____NORTHERN_____    District of    _____WEST VIRGINIA_____    OCT 1 6 2003

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA                **JUDGMENT IN A CRIMINAL CASE**
                                        (For Offenses Committed On or After November 1, 1987)
**V.**

TODD VINCENT                            Case Number:        1:03CR30

                                        Ronald Hayward
                                        Defendant's Attorney

## THE DEFENDANT:

| X | pleaded guilty to count | One |
| | pleaded nolo contendere to count(s) |
| | which was accepted by the court. |
| | was found guilty on count(s) |
| | after a plea of not guilty. |

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Receiving Child Pornography through the Mail | 03/07/2001 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

| | The defendant has been found not guilty on count(s) |
| | Count _____ | ☐ is ☐ are dismissed upon the motion of the United States. |

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: November 2, 1969

Defendant's USM No.: 04535-087

Defendant's Residence Address:

419 Newton Street

Fairmont, WV 26554

Defendant's Mailing Address:

Same as above

October 9, 2003
Date of imposition of Judgment

*Irene M. Keeley*
Signature of Judicial Officer

IRENE M. KEELEY, CHIEF U. S. DISTRICT JUDGE
Name and Title of Judicial Officer

*October 16, 2003*
Date

I hereby certify that the annexed instrument
is a true and correct copy of the original filed
in my office.
Attest: Dr. Wally Edgell
Clerk, U.S. District Court
Northern District of West Virginia
for _____
Deputy Clerk

AO 245B   (Rev. 3/01) Judgment in Criminal Case
          Sheet 2 — Imprisonment

DEFENDANT:          TODD VINCENT
CASE NUMBER:        1:03CR30

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____21 months_____ .

X    The court makes the following recommendations to the Bureau of Prisons:
     that the defendant be designated  to FCI Morgantown, or in the alternative, a minimum security facility as close to Fairmont, WV as possible.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐    at _____ ☐ a.m. ☐ p.m.    on _____ .

     X    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    before 2 p.m. on          _____ .

     X    as notified by the United States Marshal.  No earlier than 01/05/04 and no later than 01/09/04.

     ☐    as notified by the Probation or Pretrial Services Office.

     ☐    on _____ , as directed by the U. S. Marshals Service.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                        _____
                                                UNITED STATES MARSHAL

                                        By _____
                                              DEPUTY UNITED STATES MARSHAL

Ͻ 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:       TODD VINCENT
CASE NUMBER:     1:03CR30

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for term    two (2) years                              .

 

 

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and thereafter at the Probation Officer's discretion.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev 3/01) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:        TODD VINCENT
CASE NUMBER:      1:03CR30

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall pay any financial penalty that is imposed by this judgment. During the period of imprisonment, the defendant shall participate in the Bureau of Prisons' Financial Responsibility Program. It shall be a condition of supervised release that the defendant pay any financial penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Court ordered schedule of payments.

2.  If directed by the Probation Officer, the defendant shall submit to, and pay the cost of, a sex offender specific diagnostic evaluation, and, if applicable, participate in a treatment program.

3.  The defendant is prohibited from having access to the internet at any location and in any manner.

4.  The defendant shall submit his/her person, residence, vehicle or space that is under his/her control to a search, from time to time, conducted by any Probation Officer, without a warrant and upon reasonable suspicion. Failure to submit to a search may be grounds for revocation of supervision. The defendant shall warn other residents or occupants that such residence, vehicle or space that is under the defendant's control is subject to searches pursuant to this condition.

5.  The defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall permit the Probation Officer to provide the state officials with any and all information required by the State Sex Offender Registration Agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

Judgment — Page ___5___ of ___6___

DEFENDANT:          TODD VINCENT
CASE NUMBER:        1:03CR30

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTAL | $  100.00 | $  -0- | $  -0- |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| TOTALS | $_____ | $_____ | |

☐ If applicable, restitution amount ordered pursuant to plea        _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B     (Rev. 3/01) Judgment in a Criminal Case
            Sheet 6 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___6___

DEFENDANT:        TODD VINCENT
CASE NUMBER:      1:03CR30

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☐    Lump sum   payment of    $ _____     due immediately, balance due

          ☐    not later than        _____ , or
          ☐    in accordance with            ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ E, or ☐ F below); or

C    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly       of $ _____ over a period of
          _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly       of $ _____ over a period of
          _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment
          to a term of supervision; or

E    X    Special instructions regarding the payment of criminal monetary penalties:

          Financial obligations ordered are to be paid while defendant is incarcerated; and if payment is not completed during
          incarceration, it is to be completed by the end of the term of Supervised Release.

          All Criminal Monetary Penalty payments are to be made to the Clerk, U. S. District Court, Northern District of West Virginia,
          P. O. Box 1518, Elkins, WV 26241

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

          The defendant shall immediately begin making restitution and/or fine payments of        $_____ a month,
          due on the first of each month. These payments shall be made during incarceration, and if necessary, during Supervised Release.

          All Criminal Monetary Penalty payments are to be made to the Clerk, U. S. District Court, Northern District of West Virginia,
          P. O. Box 1518, Elkins, WV 26241

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT B

```
 DEVEN  540*23 *            SENTENCE MONITORING            *     06-30-2005
PAGE 001          *          COMPUTATION DATA              *     09:44:43
                               AS OF 06-30-2005

REGNO..: 04535-087 NAME: VINCENT, TODD


FBI NO...........: 302704CC6          DATE OF BIRTH: 11-02-1969
ARS1.............: DEV/A-DES
UNIT.............: J SOMP             QUARTERS.....: J02-220U
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 05-20-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-13-2005 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: WEST VIRGINIA, NORTHERN DISTRICT
DOCKET NUMBER...................: 1:03CR30
JUDGE...........................: KEELEY
DATE SENTENCED/PROBATION IMPOSED: 10-09-2003
DATE COMMITTED..................: 01-05-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00          $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY: NO  SERVICES:  NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  511
OFF/CHG: CT 1: RECEIVING CHILD PORNOGRAPHY THROUGH THE MAIL
         18 USC 2252A(A)(2)(A)

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    21 MONTHS
  TERM OF SUPERVISION............:     2 YEARS
  CLASS OF OFFENSE...............: CLASS C FELONY
  DATE OF OFFENSE................: 03-07-2001




G0002      MORE PAGES TO FOLLOW . . .
```

```
   DEVEN   540*23 *              SENTENCE MONITORING            *      06-30-2005
PAGE 002 OF 002 *              COMPUTATION DATA              *      09:44:43
                                AS OF 06-30-2005

REGNO..: 04535-087 NAME: VINCENT, TODD


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-16-2004 AT LOR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-05-2004
TOTAL TERM IN EFFECT............:    21 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     1 YEARS      9 MONTHS
EARLIEST DATE OF OFFENSE........: 03-07-2001

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    07-02-2003     07-02-2003

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 82
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 07-13-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 10-03-2005


PROJECTED SATISFACTION DATE.....: 07-13-2005
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: VOLUNTARY SURRENDER FOR SERVICE OF SENTENCE ON 01-05-2004.




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# EXHIBIT C

BP-S210.073 INSTITUTIONAL REFERRAL FOR CCC PLACEMENT
SEP 99
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| TO: Linda Moore, CCM<br>10010 Junction Drive<br>Suite 100-N<br>Baltimore, MD 20701 | FROM: David L. Winn, Warden<br>(Jon E. Hott) Acting Warden |

| Inmate Name<br>VINCENT, Todd | Register Number<br>04535-087 | Date<br>September 1, 2004 |
|---|---|---|

| Unit Manager/Mail I<br>Veronica Fernandez  V. Fernandez | Institution (Address and Phone Number)<br>FMC Devens<br>P.O. Box 880<br>Ayer, MA 01432    (978) 796-1000 |
|---|---|

1.  Release City: Fairmont, West Virginia | Supervision District:<br>Northern District of West Virginia

| 2.  Anticipated Release Date<br>July 13, 2005 | Method<br>Good Conduct Time | Verified by (ISM Staff)<br>Steve Gagnon, ISM |
|---|---|---|

| 3.  Recommended (only one):<br>   a.  Range_____  or<br>   b.  Date  May 20, 2005 | 4.  If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: N/A |
|---|---|

| 5.  Statutory Interim Hearing Scheduled?<br>☐ Yes  X No  ☐ Waived | 6.  Supervised Release<br>X Yes    No | Special Parole Term<br>☐ Yes X No |
|---|---|---|

7.  Aftercare Supervision
   Drug   Alcohol  Mental Health   X Other (Sex Offender Treatment)   N/A

8.  CIM Case: Yes X No    Assignment:

| | |
|---|---|
| As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.<br><br>☑ Yes  ☐ No    Signature of CMC<br>Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above. | NOTE:<br>The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CCM. |

| 9.  If proposed District of Supervision differs from Sentencing District, has USPO approved?   Yes   No   X N/A | 10.  Does inmate have a financial obligation? Yes   X No<br>If yes, indicate type and how obligation will be paid in item 12. |
|---|---|

11.  Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history.  There are no known detainers or pending charges at this time.  According to Mr. Vincent's Pre Sentence Investigation Report, he does not have a history of drug or alcohol abuse.

12.  Specific release preparation/Pre-natal care needs. Mr. Vincent has been diagnosed with Asthma and a history of anxiety and depression.  His medical expenses will be covered by his wife's insurance plan. To aid his reintegration in the community, the Unit Team is recommending that Mr. Vincent receive a Community Corrections Center placement date of May 20, 2005.

| 13.  For MINT Referrals,<br>Date of Delivery: | 14.  (a) For MINT Referrals, Projected Date of Return to Parent Institution:<br>(B) Proposed guardian: |
|---|---|

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | NO. COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | 2 |
| Community Based Program Agreement | | Drug Abuse Treatment Programs Agreement to | |
| BP-339 CIM Case Information Summary | 1 | Participate in Community Transition Programming | 2 |
| (Non-Separation Cases) | | | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of | 2 | | |
| Inmates to CCC Type Facility | | | |
| Judgment & Commitment Order | 2 | | |
| Statement of Responsibility | 2 | | |

* If the inmate has a diagnosed, ongoing medical condition, such as diabetes or coronary disease, send any pertinent medical records.

Record Copy - CCM; Copy - Institution File; Copy - USPO Sentencing District; Copy USPO District of Supervision
(This form may be replicated via WP)                          This form replaces BP-210 November 1995

Sensitive Limited Official Use Only

# EXHIBIT D

| From: | Veronica A. Fernandez |
|---|---|
| To: | Hufnagle, Regina E. |
| Date: | 10/22/2004 3:35:50 PM |
| Subject: | Fwd: Todd, Vincent #04535-087 |

Put copy in file and this email will suffice as justification.

>>> Sylvia B. Hall 10/22/2004 3:27:59 PM >>>
Please be advised that the above has been denied CCC Placment based on the nature of his offense. I will delete the DST and destory the package.

Sylvia B. Hall
Community Corrections Analyst
Mid-Atlantic Regional Office
10010 Junction Drive, Suite 101-N
Annapolis Junction, MD 20701
Phone: (301) 317-3188
Fax: (301) 317-3184

# EXHIBIT E

From:           Sylvia B. Hall
To:             Renaud, Cheryl
Date:           11/30/2004 3:47:51 PM
Subject:        Re: Inmate Todd, Vincent (04535-087)

Hi,

In response to your inquiry, he is releasing to West Virginia, the CCC's in that state will not accept Sex
Offenders.

Sylvia B. Hall
Community Corrections Analyst
Mid-Atlantic Regional Office
10010 Junction Drive, Suite 101-N
Annapolis Junction, MD 20701
Phone: (301) 317-3188
Fax: (301) 317-3184

>>> Cheryl Renaud 11/29/2004 2:43:50 PM >>>
Hello:

This inmate has filed a BP9 in which he is grieving the fact that he was denied CCC placement.  An e-mail
you sent to Veronica Fernandez, Unit Manager, dated 10-22-2004 revealed the inmate was denied CCC
placement "based on the nature of the offense." His offense is Receiving Child Pornography Through the
Mail. While policy states PSF sex offenders will not "ordinarily" receive CCC placement, many of them do.
The inmate has cited specific examples of such cases in his grievance.   I was wondering if you could
provide additional details regarding the specific reasons he was denied.  This information would be very
useful to appropriateily address the inmate's complaint. A response to his complaint is required by mid-
week.  Any information you could provdie regarding this matter will be be greatly appreciated.

Thank you in advance
Cheryl

Cheryl A. Renaud, Ph.D.
Sex Offender Management Program Coordinator
Federal Medical Center Devens
P.O. Box 880
Ayer, MA 01432
Tel: 978-796-1437
Fax: 978-796-1364

# EXHIBIT F

```
      FUNCTION: LST SCOPE: REG    EQ 04535-087    OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM _____   THRU _____   DT STS: FROM _____   THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS:   _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS:   _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____        ____         ____        ____        ____        ____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
       PERSON: ___        ____         ____        ____        ____        ____
        TYPE: ___        ____         ____        ____        ____        ____
EVNT FACL: EQ ____        ____         ____        ____        ____        ____
RCV FACL.: EQ ____        ____         ____        ____        ____        ____
RCV UN/LC: EQ ____        ____         ____        ____        ____        ____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____        ____         ____        ____        ____        ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40036-RGS   Document 6-3   Filed 07/01/2005   Page 3 of 17

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT----------------------- | | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
|---|---|---|---|---|---|
| 331416-F1 | 10ZM/ | I/M REQUESTS TO STAY AT LORETTO DOES NOT WANT TRF. | | | |
| | LOR | LOR | 04-19-2004 | CLD | 04-23-2004 |
| 331416-R1 | 10ZM/ | I/M REQUESTS TO STAY AT LORETTO DOES NOT WANT TRF. | | | |
| | NER | BRO | 05-10-2004 | REJ | 05-13-2004 |
| 331416-R2 | 10ZM/ | I/M REQUESTS TO STAY AT LORETTO DOES NOT WANT TRF. | | | |
| | NER | DEV | 06-30-2004 | REJ | 07-01-2004 |
| 331416-R3 | 10ZM/ | I/M REQUESTS TO STAY AT LORETTO DOES NOT WANT TRF. | | | |
| | NER | DEV | 07-13-2004 | REJ | 07-19-2004 |
| 331416-R4 | 10ZM/ | REQUESTS TRANSFER TO MORGANTOWN | | | |
| | NER | DEV | 07-23-2004 | VOD | 07-27-2004 |
| 331416-R5 | 10ZM/ | REQUESTS TRANSFER TO MORGANTOWN | | | |
| | NER | DEV | 07-23-2004 | REJ | 07-27-2004 |

G0002          MORE PAGES TO FOLLOW . . .

```
REMEDY-ID    SUBJ1/SUBJ2   ------------------ABSTRACT-----------------------
             RCV-OFC       RCV-FACL      DATE-RCV        STATUS    STATUS-DATE

345916-F1    15ZM/10CM     REQUESTS TO BE CLOSER TO HOME
             DEV           DEV           08-03-2004      CLD       08-30-2004

359310-F1    19FM/13IM     WANTS PSF OF SEX OFFENDER REMOVED.
             DEV           DEV           11-22-2004      CLD       12-06-2004

359310-R1    19FM/13IM     WANTS PSF OF SEX OFFENDER REMOVED.
             NER           DEV           12-17-2004      REJ       12-20-2004

359310-R2    19FM/13IM     WANTS PSF OF SEX OFFENDER REMOVED.
             NER           DEV           01-11-2005      REJ       01-11-2005

359310-R3    19FM/13IM     WANTS PSF OF SEX OFFENDER REMOVED.
             NER           DEV           02-01-2005      CLD       02-25-2005

359310-A1    19FM/13IM     WANTS PSF OF SEX OFFENDER REMOVED.
             BOP           DEV           03-17-2005      CLD       05-27-2005
                           12 REMEDY SUBMISSION(S) SELECTED
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT G

From: Todd Vincent (Vincent, Todd)    14535-087    G-A    FMC Devens
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

    The PSF that is lodged in my file, needs to be promptly and immediately lifted, pursuant to the information filed with my BP8.5 I do realize it is BOP discretion to place or waive PSF's, and I am respectfully asking that it be removed. Sylvia B. Hall, Community Corrections Manager for my Region, has denied my C.C.C. placement based on the nature of my offense. Petitioner finds this intriguing, if we take the preeedence of Sloane v. Winn, No. 04e40075, who was indicted and sentenced for one count of "possession of child pornography," then filed a motion for emergency relief, based on Goldings v. Winn, No. 03-2633, on a 27-month sentence, and was released for five months to home confinement. This Sloane case is relevant, because he had a PSF, and was in "possession" of the instant offense, and still managed to receive halfway house time, and more than 10%. This is highly discriminatory under the Equal Protection Clause, and Petitioner Vincent prays in the interest of justice, he be afforded the same liberty interest that Sloane received. Inmate Vincent had no prior criminal history, before the instant offense, and Ms. Hall needs to reconsider my C.C.C. placement immediately and without delay. THank you. _Todd V (signature)_

DATE    11-17-04    SIGNATURE OF REQUESTER

**Part B- RESPONSE**



R E C E I V E D
NOV 22 2004
FMC DEVENS
WARDEN'S OFFICE

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

_If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response._

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

# EXHIBIT H

FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS
RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY, #359310-F1

The following is in response to your Request for Administrative Remedy, dated November 17, 2004, in which you indicate that the "Community Corrections Manager for [your] Region has denied [your] C.C.C. (Community Corrections Center) placement based on the nature of [your] offense." You argue that the denial of your C.C.C. placement, "is highly discriminatory under the Equal Protection Clause." You are requesting that your PSF be removed, and your C.C.C. placement reconsidered "immediately and without delay."

An investigation into your request revealed the following: Records indicate that you have been assigned the Public Safety Factor (PSF) of Sex Offender pursuant to Bureau of Prisons Program Statement 5100.07. Pursuant to Program Statement 5100.07, Security Designation and Custody Classification Manual, the criterion for the "Sex Offender" PSF is to be applied to a male inmate whose behavior, during his current term of confinement or prior history, includes "engaging in sexual contact with another person without obtaining permission to do so," "any sexual contact with a minor or other person physically or mentally incapable of granting consent," and/or "any offense referenced in the Sex Offender Notification and Registration Program Statement." According to your PSI, on July 2, 2003, you were convicted of Receiving Child Pornography Through the Mail, for which you were sentenced to 21 months of incarceration to be followed by 2 years of supervised release. Your conviction of this crime is sufficient for the application of the PSF. Thus, the PSF has been appropriately applied.

Federal law provides for the placement of federal prisoners in non-prison sites such as halfway houses shortly before the conclusion of their sentences to allow the prisoners an opportunity to adjust to the community prior to their release. This "pre-release custody" is governed by 18 U.S.C. § 3624 (c), which provides to the extent practicable that such placement will take place during the last ten percent of a prisoner's sentence, not to exceed six months. Specifically, Title 18, U.S.C. §3624( c), states, in pertinent part, that:

> The Bureau of Prisons shall, **to the extent practicable,** assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. (Emphasis added).

In addition to the statute, the Bureau of Prisons has issued a program statement for addressing pre-release community custody requests. Specifically, Program Statement 7310.04, entitled Community Corrections Center (C.C.C.) Utilization and Transfer Procedures, clearly indicates the limitations on eligibility for C.C.C. referrals. P.S. 7310.04 states that inmates who are assigned a Public Safety Factor of Sex Offender, are among the categories of inmates who "shall not ordinarily participate in CCC programs."

While BOP policy indicates that "ordinarily," PSF sex offenders shall not participate in C.C.C. programs, your records reveal that on September 1, 2004, your Unit Team submitted to the

Baltimore, Maryland Community Corrections Manager, an Institutional Referral for Halfway House Placement form. On this form, your Unit Team recommended you be transferred to a C.C.C. on May 20, 2005, 55 days prior to your projected release date. In response to this referral, the Community Corrections office in Baltimore, Maryland, determined that based on the nature of your offense, they were unable to place you in a C.C.C. in your identified state of release.   Therefore, in accordance with §3624 ( c) and P.S. 7310.04, through its continued effort to review your case and find a C.C.C. placement for you, the BOP has "to the extent practicable" attempted to place you in a pre-release placement.

Given the aforementioned, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106. Your appeal must be received in the Regional Office within 20 days from the date of this response.

David L. Winn, Warden

12/6/14
Date

# EXHIBIT I

U.S. Department of Justice   Regional Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _____Vincent, Todd_____   __04535-087__   __1-2__   __FMC DEVENS__
                LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.        UNIT        INSTITUTION

## Part A—REASON FOR APPEAL

The institutional referral for halfway house time, is not at issue in this appeal, however "Equal Protection" is when the BOP creates a liberty interest when it chooses to release some inmates to CCC with similiarly related charges, and not release others. On 10-22-04, Sylvia[?] E Hall, CCM Analyst for the Mid-Atlantic Region denied placement to CCC based on the nature of Appealle's offense. In taking the content of Sloane v. Winn, No. 04-40075, he was released to five months of home confinement for actual possession of, child pornography. According to BOP statutes, the BOP has direct authority to place inmates in home confinement, DIRECTLY. Home Confinment is considered part of a CCC, and is still considered a penal or correctional institution. (See 18 USC §§3621(b), 3624(c)). Sloane was released to a CCC and He had a PSF, and the nature of his offense, by no means does, did differ from mine, & the Due Process Clause states "that all individuals should have the benefit of the choice If federal government applied equally without prejudice or discrimination. By this "plucking" of certain inmates, and BOP actions or policies, it becomes an important government interest. Please have the CCM analyst in my region re-evaluate me promptly for C.C.C. placement.

__12/6/04__          _Todd V_
    DATE              SIGNATURE OF REQUESTER

## Part B—RESPONSE

_____
    DATE                                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: ___359310-R1___

## Part C—RECEIPT

                                                              CASE NUMBER: _____

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____   _____   _____   _____
USP LVN       DATE       Previous editions not usable     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

# EXHIBIT J

VINCENT, Todd
Reg. No. 04535-087
Appeal No. 359310-R3
Page One

---

### Part B - Response

You appeal the denial of your placement in a Community
Corrections Center (CCC) based on your Public Safety Factor (PSF)
of Sex Offender.  You contend other inmates with the Sex Offender
PSF have been approved for CCC placement and home confinement
placement.  You believe the Equal Protection Constitutional right
applies to your case and you should be approved for release
through a CCC.

Records indicate you are serving a 21-month sentence for
Receiving Child Pornography through the Mail.  Program Statement
5100.07, Security Designation and Custody Classification,
stipulates the Sex Offender PSF shall be applied to an offender
that is involved in possessing, distributing or the mailing of
child pornography or related paraphernalia.  Your Pre-Sentence
Report confirms that you were in possession of child pornography
at the time of your arrest.  Program Statement 7310.04, CCC
Utilization and Transfer Procedures states, when evaluating an
inmate for CCC placement, a number of factors are weighed in
determining a recommendation for placement.  Determinations are
based on the inmate's individual needs, existing community
resources, institutional adjustment, length of sentence and the
need to provide for the safety and security of the general
public.  Each case is determined on an individual basis.  The
Program Statement also states inmates with a Sex Offender PSF
shall ordinarily not participate in a CCC program.

The Warden at FMC Devens referred your case and recommended a 55-
day CCC placement.  Upon review of your referral materials, you
were denied CCC placement based on your offense behavior and PSF.
The contractual agreement between the Bureau and CCCs allow the
CCCs to establish an acceptance criteria to identify the type of
case they will accept and/or deny.  While the Bureau utilizes
CCCs to assist offenders with their reintegration, there is no
constitutional right for an inmate to be released through a CCC.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
the response.

Date: February 25, 2005

D. SCOTT DODRILL
Regional Director

# EXHIBIT K

U.S. Department of Justice Case 1:05-cv-40036-RGS — Document 6 Central Office Administrative Remedy Appeal Filed 07/20/2005 Page 1 of 1

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **VINCENT, TODD**    **04535-087**    ☐ ☐    **Deven**

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

TODD VINCENT APPEALS THE DENIAL OF HIS REQUEST FOR HALFWAY HOUSE PLACEMENT AT A CCC OR IN THE ALTERNATIVE Mr. VINCENT REQUESTS THAT HE BE PLACED ON HOME CONFINEMENT

**(continued on next page attached)**

3/15/05

DATE                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

GENERAL COUNSEL

**THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE**    CASE NUMBER: 359310-A

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN

# EXHIBIT L

Administrative Remedy No. 359310-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
in which you appeal the denial of your request for placement in a
Community Corrections Center (CCC).

Our review reveals the Warden and Regional Director adequately
responded to the issue raised in your appeal.  In accordance with
Program Statement 7310.04, Community Corrections Center (CCC)
Utilization and Transfer Procedure, recommending CCC placement
and the length involves the review of several factors, including
the inmate's release needs, public safety, prior criminal record,
escape behavior, as well as current offense behavior.  In
addition, P.S. 7310.04, indicates that inmates who are assigned a
Sex Offender Public Safety Factor, shall not ordinarily
participate in CCC programs.  P.S. 5100.07, Security Designation
and Custody Classification Manual, states that the Sex Offender
PSF shall be applied when an inmate whose behavior in the current
term of confinement or prior history includes possession,
distribution or mailing of child pornography or related
paraphernalia.

Records indicate you are currently serving a 21-month sentence
for violation of Receiving Child Pornography Through the Mail.
In accordance with P.S. 5100.07, a Sex Offender PSF has been
applied to your Custody Classification Form.  On September 1,
2004, your unit team submitted a referral for your placement in a
CCC.  Staff determined you are not an appropriate candidate for a
CCC based upon the nature of your instant offense.  We find this
decision within the discretion of CCC staff and in compliance
with policy.  P.S. 7310.04 does not require your placement in a
CCC and the controlling statute, 18 U.S.C. § 3624(c), does not
require the Bureau of Prisons to place all inmates in a CCC prior
to release.

Accordingly, your appeal is denied.


_____                    _____
       Date                        Harrell Watts, Administrator
                                   National Inmate Appeals